kn

1

RICHARD G. HILL, ESQ.
State Bar No. 596
SOPHIE A. KARADANIS, ESQ.
State Bar No. 12006
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CONNORS DRILLING LLC, a
Colorado limited liability company,

           Plaintiff,

v.

SUMIN EXPLORATION AND MINING,
LLC, a Nevada limited liability
company,

           Defendant.

Case No. 2:14-cv-01398-RFB-PAL

## AMENDED DEFAULT JUDGMENT

### Findings of Fact

1. Plaintiff, CONNORS DRILLING LLC, is a Colorado limited liability company, with its principal place of business in Colorado, and a licensed Nevada contractor holding license number 0056160.

2. Defendant, SUMIN EXPLORATION AND MINING, LLC, is a Nevada limited liability company with its principal place of business in Nevada.

3. On or about October 9, 2013, plaintiff and defendant entered into a written contract pursuant to which plaintiff performed drilling services on defendant's property in Nye County, Nevada.

///

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

4. Plaintiff performed all obligations it owed defendant under its contract with defendant, but defendant failed, refused, and declined to pay plaintiff for same.

5. Under the parties' contract, plaintiff is owed $296,592.40, plus interest at the contract rate of 18% per annum from November 15, 2013, until paid.

6. On or about March 3, 2014, plaintiff caused a mechanic's lien to be recorded against defendant's property[1] in the amount of $296,592.40, in the office of the recorder of Nye County, Nevada, as Document No. 813328. The lien was recorded within 90 days of the completion of the work of improvement. NRS 108.226(1)(a).

7. On or about March 7, 2014, plaintiff caused a copy of the mechanic's lien to be served on the defendant.

8. On August 28, 2014, plaintiff filed its complaint to foreclose on the mechanic's lien, which was less than six months after the lien was recorded. On September 4, 2014, plaintiff filed its first amended complaint.

9. On September 9, 2014, plaintiff filed a notice of pendency of the action in the manner provided in NRS 14.010.

10. On September 24, 2014, defendant was properly served with the summons and first amended complaint, by service on its resident agent, Richard Harris, Esq.

11. Plaintiff caused a Notice to Lien Claimants to be published at least once a week for three successive weeks, in the Pahrump Valley Times newspaper, in accordance with NRS 108.239(2)(b).

///

_____

[1] The Slip and Venice lode mining claims designated by the Surveyor General as Survey No. 4569, embracing a portion of Section 26, in Township 3 North of Range 42 East of the Mount Diablo Meridian, in the Tonopah Mining District, Nye County, Nevada, and bounded and described in that certain Patent recorded October 11, 1968 in Book 114 of Official Records, page 472 as File No. 09603, Nye County, Nevada records which further stipulated that all that portion of ground, including all vein lodes and ledges described in said claims which is embraced in Survey Nos. 3860 and 4093 said San Sabe lode claim, Survey No. 2350, and said Sky No. 3 lode claim, Survey No. 4152, exclusive of its conflict with said Venice and Slip lode claims is expressly excepted and excluded from said land. [Nye County Assessor's Parcel No. 000-158-41]

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

1      12. The defendant has failed to answer, appear, or otherwise defend as to the

2  plaintiff's complaint and the legal time for answering has expired.

3      13. On January 7, 2015, at plaintiff's request, the clerk of the Court entered the

4  defendant's default.  Defendant has received proper notice under FRCP 55(b)(2), even

5  though plaintiff and its counsel deny any contact with the defendant or its agents.

6      14. Plaintiff has applied to the Court for a default judgment against defendant,

7  including the declaration of Tracy Keeton, plaintiff's controller.

8  **Conclusions of Law**

9      1. The Nevada Supreme Court has repeatedly held that the mechanic's lien

10  statutes are remedial in character and should be liberally construed; that substantial

11  compliance with the statutory requirements is sufficient to perfect a mechanic's lien if the

12  property owner is not prejudiced. *Las Vegas Plywood and Lumber, Inc. v. D & D*

13  *Enterprises,* 98 Nev. 378, 380, 649 P.2d 1367, 1368 (1982). The purpose of the mechanic's

14  lien statute is to provide a speedy remedy to secure " 'payment of the claims of builders,

15  mechanics and materialmen out of the property to which their work and material have

16  contributed an increased value.'" *Brunzell v. Lawyers Title,* 101 Nev. 395, 396–97, 705 P.2d

17  642, 644 (1985) (quoting *Williams Bros. Const. v. Vaughn,* 193 Mont. 224, 631 P.2d 688,

18  690 (1981)). The statute also secures to owners and to others, who are about to advance

19  money or purchase the property, notice of the amount and nature of the lien to which the

20  property is subject, and in whose favor the lien has accrued. *Maynard v. Ivey,* 21 Nev. 241,

21  29 P. 1090 (1892).

22      2. The language of NRS 108.222(1)(a) is not ambiguous in regard to the amount

23  of the lien. It states that, if a contract exists, the amount of the lien a contractor or

24  subcontractor is entitled to against the property and improvements is "the unpaid balance

25  of the price agreed upon." *See* NRS 108.2214; *also see California Commercial v. Amedeo*

26  *Vegas I, Inc.,* 119 Nev. 143, 145, 67 P.3d 328, 330(2003).

27  ///

28  ///

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

3

3. To perfect his lien rights under NRS 108.245, a claimant must deliver in person or by certified mail, to the owner of the property a notice of right to lien. This notice does not constitute a lien or give actual or constructive notice of a lien for any purpose. *See* NRS 108.245(2). But, as in this case, if a prime contractor or other person contracts directly with an owner or sells materials directly to an owner, the lien claimant is not required to give notice pursuant to this section. NRS 108.245(5).

4. This Court concludes that plaintiff was not required to give notice under NRS 108.245 because it is a prime contractor who contracted directly with the owner of defendant. NRS 108.245(5).

5. A mechanics' lien must be recorded within 90 days of the following occurrences or events, whichever transpires latest:

(1) The completion of the work of improvement;

(2) The last delivery of material or furnishing of equipment by the lien claimant for the work of improvement; or

(3) The last performance of work by the lien claimant for the work of improvement.

*See* NRS 108.226(1)(a).

6. This Court finds, by a preponderance of the evidence, plaintiff recorded its Notice of Lien within 90 days of the last performance of work by the lien claimant.

7. The Notice of Mechanic's Lien must contain a statement of the lienable amount, the property owner's name, the name of the entity with whom the lien claimant contracted, a brief statement of the contract terms, and a description of the property. *See* NRS 108.226(2). The Notice of Lien must be verified by oath, and substantially in the form contemplated by NRS 108.226(5). The Notice of mechanic's Lien should be served upon the property owner. *See* NRS 108.227. The lien claimant may serve the property owner within 30 days of recording the Notice of Mechanic's Lien by either personally delivering a copy or mailing the notice via certified mail return receipt requested. *See* NRS 108.227(a)(a) and (b).

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

8. The Court finds, by a preponderance of the evidence, Plaintiff timely issued and recorded its Notice of Mechanic's Lien pursuant to the requirements of NRS 108.226. The Notice met all the substantive requirements for a Notice of Mechanic's Lien under NRS 108.227.

9. A mechanic's lien expires six months after it has been recorded, unless the lien claimant commences proceedings in a proper court within that time period to enforce the Notice of Mechanic's lien. *See* NRS 108.233(a). Plaintiff properly filed its Complaint for Foreclosure of the mechanic's lien on August 28, 2014, which is within six months of recording the notice on the property.

10. When a lien claimant files a complaint and issues a summons, it must also (1) file a notice of pendency of the action in the manner provided by NRS 14.010; and (2) cause a notice of foreclosure to be published at least once a week for three successive weeks in one newspaper published in the county. *See* NRS.239(2). NRS 14.101 requires the *lis pendens* to be recorded in the county affecting the property, and it must contain the names of the parties, the object of the action, and a description of the property.

11. The Court concludes plaintiff complied with NRS 108.239(2) by filing a *lis pendens* and publishing a notice of foreclosure to all lien claimants as required by statute.

12. There are no other liens recorded against the property, and no other lien claimants appeared in this action.

13. This Court finds that defendant has failed to plead, appear, or otherwise answer the complaint within the time with which it was served, and its default was duly entered by the clerk of the court on January 7, 2015.

14. After considering the seven factors in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), this Court concludes: plaintiff will be prejudiced of judgment is not entered; plaintiff's claims have merit; plaintiff's complaint is sufficient; the amount of money at stake is significant; there is little possibility of dispute concerning the material facts; defendant's default is not due to excusable neglect; and despite the policy of deciding

///

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

5

1  cases on the merits, there is good cause to enter a default judgment now against the

2  defendant.

3  The matter having been submitted to the Court, the Court being fully apprised

4  in the premises, and good cause appearing,

5  IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that plaintiff shall

6  have judgment against, and recover of, the defendant, SUMIN EXPLORATION AND

7  MINING, the sum of $296,592.40, plus interest at the contract rate of 18% per annum

8  from November 15, 2013, until the date hereof, with all of that sum to be earning interest

9  at the contract rate from the date hereof until paid.

10  IT IS FURTHER ORDERED that plaintiff's mechanic's lien, recorded in the

11  office of the recorder of Nye County, Nevada, as Document No. 813328, is valid and

12  enforceable, and that no other liens have been recorded against defendant's property.

13  IT IS FURTHER ORDERED that defendant's real property, described as

14  follows:

15  The Slip and Venice lode mining claims designated by the Surveyor General as Survey No. 4569, embracing a portion of Section 26, in

16  Township 3 North of Range 42 East of the Mount Diablo Meridian, in the Tonopah Mining District, Nye County, Nevada, and bounded

17  and described in that certain Patent recorded October 11, 1968 in Book 114 of Official Records, page 472 as File No. 09603, Nye

18  County, Nevada records which further stipulated that all that portion of ground, including all vein lodes and ledges described in

19  said claims which is embraced in Survey Nos. 3860 and 4093 said San Sabe lode claim, Survey No. 2350, and said Sky No. 3 lode

20  claim, Survey No. 4152, exclusive of its conflict with said Venice and Slip lode claims is expressly excepted and excluded from said

21  land.

22  [Nye County Assessor's Parcel No. 000-158-41]

23  shall be sold to satisfy all proven and approved liens and that plaintiff be paid from said

24  funds, as well as plaintiff's fees and costs. Plaintiff will file an appropriate satisfaction or

25  partial satisfaction of judgment, as the case may be after the sale.

26

27  ///

28  ///

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

6

1   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as a result of

2   Plaintiff's valid and enforceable Notice of Lien, the properties shall be sold within the time

3   and in the manner provided for sales on execution issued out of any district court for the

4   sale of real property pursuant to NRS 108.239(1). Therefore, the Sheriff of Nye County,

5   Nevada is ordered to sell the subject real property, APN 000-158-41, for the sum due to

6   plaintiff, or such sum as the property may bring at a duly noticed and conducted sale.

7   IT IS FURTHER ORDERED, ADJUDGED AND DECREED, at the sale of the

8   property, if the proceeds of the sale are not sufficient to satisfy the total sums due plaintiff,

9   plaintiff is entitled to a deficiency judgment against the defendant pursuant to NRS

10   108.239(11). If the proceeds of the sale amount to more than the sum to satisfy the total

11   sum due, the proceeds must be paid over to the owner of the property, or any other party

12   to whom/which they may be due.

13   IT IS FURTHER ORDERED, ADJUDGED AND DECREED the proceeds of the

14   sales are to be distributed as follows:

15   *First,* to the Sheriff of Nye County, Nevada to reimburse the costs of the sale

16   proceedings;

17   *Second,* to Plaintiff up to the amount of the sums due, plus post-judgment

18   interest accruing hereof; and attorney's fees and costs as the court may hereafter award.

19

20   IT IS SO ORDERED.

21

22   DATED this __13th__ day of November, 2015.

23

24

25   RICHARD F. BOULWARE, II
United States District Judge

26

27

28

LAW OFFICE
RICHARD G. HILL,
LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

7