RICHARD G. HILL, ESQ.
State Bar No. 596
SOPHIE A. KARADANIS, ESQ.
State Bar No. 12006
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CONNORS DRILLING LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUMIN EXPLORATION AND MINING, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:14-cv-01398-RFB-PAL |

## ORDER

Plaintiff, CONNORS DRILLING, LLC, has moved the court for an award of attorney's fees as authorized by NRS 108.237, in accordance with the procedures in FRCP 54(d) and LR 54-16, against defendant, SUMIN EXPLORATION AND MINING, LLC. Plaintiff has incurred attorney's fees fees in the amount of $6,163.50.

### Findings of Fact

1. On September 30, 2015, the Court entered a default judgment (Doc. # 17) in favor of Connors Drilling, and against Sumin, in the amount of $296,592.40, which is accruing interest at the contract rate of 18% per annum from November 15, 2013.

2. Plaintiff, CONNORS DRILLING LLC, has incurred $6,163.50 in attorney's fees, and $878.71 in costs, as a direct and proximate result of this litigation against defendant.

LAW OFFICE
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

3. In accordance with LR 54-16(b)(3), the court finds the fees incurred were reasonable and well supported, based upon the foregoing:

**a) The results obtained and the amount involved:** The result obtained for the plaintiff was a complete success. A default judgment was entered in favor of Connors Drilling, and against Sumin, in the amount of $296,592.40, plus interest, which represents the total amount due to plaintiff. The plaintiff is the prevailing lien claimant in this instance.

**b) The time and labor required:** Plaintiff's counsel spent a total of 20.26 hours on this matter. Those items are documenting in the billings by plaintiff's counsel. The Court finds that every instance itemized billing was necessary and reasonable under the circumstances.

**c) The novelty and difficulty of the questions involved:** This case involved filing and foreclosing on a mechanic's lien. While the issues involved are not novel, counsel was required to follow each of the requirements set forth in NRS 108.239 in order to properly foreclose on a mechanic's lien.

**d) The skill requisite to perform the legal service properly:** The specific requirements to foreclose on a mechanic's lien, under NRS 108.239, have separate and unique requirements distinguishing it from a typical collection case. It requires more attention and care. The specific requirements include: recording a mechanic's lien; causing a copy of the mechanic's lien to be served on the defendant; filing a complaint to foreclose on the mechanic's lien; filing a notice of pendency of action; and causing a notice of foreclosure to be published.

**e) The preclusion of other employment by the attorney due to acceptance of the case:** This case did not preclude plaintiff's counsel from accepting other cases.

**f) The customary fee:** Richard G. Hill, Esq.'s standard hourly rate in representing the plaintiff was $350.00 per hour. The rate for Ms. Karadanis was $200.00

///

LAW OFFICE
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

per hour. The Court understands those rates to be well within the range of fees charged by other attorneys with comparable qualifications in the community for similar services. The Court finds the fees charged were actually, reasonably and necessarily incurred.

**g) Whether the fee is fixed or contingent:** The fee in this case was fixed based on plaintiff's counsel's hourly rates.

**h) The time limitations imposed by the client or the circumstances:** The lien was required to be recorded within 90 days of the completion of the work of improvement performed by plaintiff under NRS 108.226(1)(a).

**i) The experience, reputation, and ability of the attorney(s):** Richard G. Hill, Esq., has been practicing law in Nevada for over 36 years. His practice emphasizes real estate, real estate litigation, construction, construction defect, business, business litigation, collections and general commercial litigation. He has spoken at real estate and litigation seminar in the legal community. He is frequently consulted by other attorneys in the legal community on real estate, business, construction, collection, procedural, and related issues. He also maintain an extensive library on construction, real estate and real estate litigation issues, in addition to an extensive library on litigation and trial issues.

**j) The undesirability of the case, if any**: none.

**k) The nature and length of the professional relationship with the client**: Richard G. Hill, Esq., has represented this plaintiff since the initiation of this case.

**l) Awards in similar cases**: Richard G. Hill, Esq., has been involved in real estate litigation in Nevada for over 36 years, and has foreclosed on numerous mechanic's liens throughout his professional career.

### Conclusions of Law

1. An award of attorneys' fees incurred in a diversity action based on state substantive law is generally governed by state law. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024–25 (9th Cir.2003).

2. NRS 108.237(1), provides that the court: "shall award to a prevailing lien claimant, whether on its lien or on a surety bond, the lienable amount found due to the lien claimant by the court and the cost of preparing and recording the notice of lien, including, without limitation, attorney's fees, if any, and interest. The court shall also award to the prevailing lien claimant, whether on its lien or on a surety bond, the costs of the proceedings, including, without limitation, reasonable attorney's fees, the costs for representation of the lien claimant in the proceedings, and any other amounts as the court may find to be justly due and owing to the lien claimant."

3. NRS 108.22156 defines a prevailing lien claimant as "a lien claimant to whom an amount is found due by a trier of fact on a notice of lien."

4. The Court concludes that plaintiff is a prevailing lien claimant as defined by NRS 108.22156.

5. This Court finds that plaintiff is entitled to an award of attorney's fees in the amount of $ $6,163.50$ , and costs in the amount of $ $878.71$ , under NRS 108.237(1).

The matter having been submitted to the Court, the Court being fully apprised in the premises, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that plaintiff's motion for attorney's fees is granted, and that plaintiff is awarded attorney's fees in the amount of $ 6,163.50 , and costs in the amount of $ 878.71 against the defendant, SUMIN EXPLORATION AND MINING.

IT IS SO ORDERED.

DATED this 29th day of April, 2016.

RICHARD F. BOULWARE, II
United States District Judge